UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>          Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY.<br><br>          Defendant. | No. 2:18-cv-0326-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is presently incarcerated in the Sacramento County Main Jail, brings this action pro se and pursuant to 42 U.S.C. § 1983. He has a filed: (1) a motion for service (ECF No. 4); (2) an application to proceed in forma pauperis (ECF No. 5); (3) a motion for ruling on his application to proceed in forma pauperis (ECF No. 6); and (4) a motion for five hundred dollars a month to facilitate discovery (ECF No. 7). For the reasons stated hereafter, his application to proceed in forma pauperis is granted but his complaint must be dismissed due to its failure to state a cognizable claim, and his remaining motions are denied as moot.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28

1

U.S.C. § 1915(b)(2). Plaintiff's motion for ruling on his application (ECF No. 6) is denied as moot.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

/////

/////

## II. Analysis

Although plaintiff names the County of Sacramento as a defendant in the caption of his complaint, the substance of his allegations pertains to a deputy district attorney referenced as "Ore." Plaintiff alleges that Ore, on three separate occasions, submitted false information to superior court judges which resulted in: (1) two search warrants; (2) one arrest warrant; and (3) a finding that plaintiff had failed to register as a sex offender. ECF No. 1 at 3. Plaintiff claims that he is not a sex offender and that Ore's "terrible lies" have kept him in jail for the past year. *Id.* These allegations are not cognizable under section 1983. It is well settled that a prosecutor is entitled to absolute immunity from a civil action for damages when he performs a function that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Functions that are protected by absolute immunity include appearing at a probable cause hearing to support an application for a search warrant, preparing and filing an arrest warrant, initiating a prosecution, and presenting the state's case. *KRL v. Moore*, 384 F.3d 1105, 1110-11 (9th Cir. 2004). Plaintiff's claims against Ore are, consequently, barred by absolute immunity.[1]

### Leave to Amend

In light of the foregoing, leave to amend would not cure the defect in plaintiff's claims. It is clear from his complaint that he is attempting to sue the prosecutor in his state criminal proceeding for actions by the prosecutor that are covered by absolute immunity. Thus, the complaint must be dismissed without leave to amend.

### Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith.

---

[1] Plaintiff states that, under state law, he has been "expunged and released" from the requirement to register as a sex offender for six years. ECF No. 1 at 3. Even if this statement is correct, it is an issue that sounds exclusively in state law and, since no viable federal claims have been presented, should be presented to the state courts.

3. His motions for service, ruling on motion to proceed in forma pauperis, and motion for funds to facilitate discovery (ECF Nos. 4, 6, & 7) are DENIED as moot; and

4. The Clerk of Court shall assign a district judge to rule on the court's findings and recommendations.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4